**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **AKURATE DYNAMICS, LLC,** § | | |
| *Plaintiff,* § | | |
| § | **CIVIL NO. 6:20-CV-00606-ADA** | |
| v. § | | |
| § | | |
| **CARLISLE FLUID TECHNOLOGIES,** § | | |
| **INC,** § | | |
| *Defendant.* § | | |
| § | | |

**ORDER GRANTING DEFENDANTS MOTION TO DISMISS
FOR IMPROPER VENUE**

Before the Court is Defendant Carlisle Fluid Technologies, Inc's ("CFT") Motion to Dismiss Plaintiff Akurate Dynamics, LLC's ("Akurate") First Amended Complaint for Improper Venue and Failure to State a Claim Upon Which Relief Can be Granted. ECF No. 28. On February 3, 2021, the Court held a hearing concerning Defendant's Motion to Dismiss. ECF. No. 38. After careful consideration of the parties oral and written arguments (ECF Nos. 34 and 35), the Court finds Defendant's Motion to Dismiss should be GRANTED on grounds of improper venue for both the patent infringement and non-patent infringement claims.

**I.   BACKGROUND**

Both Akurate and CFT are engaged in the manufacture of equipment for application of sprayed material. CFT is incorporated in Delaware and has headquarters in Scottsdale, Arizona. ECF No. 28 at 2. CFT has no facilities or employees in the Western District of Texas. ECF No. 28-2, Shaw Decl. ¶ 3. In 2016, the parties engaged in negotiations regarding CFT's acquisition of Akurate. ECF No. 34 at 3. Following those discussions and to facilitate future meetings, CFT signed a non-disclosure agreement (NDA) which obligated CFT to maintain confidentiality of any

1

Confidential Information it received from Akurate and obligated CFT to refrain from developing a competing spray-foam applicator system based on Akurate's confidential information. *Id.*

In 2020, following these meetings Akurate learned from a customer that CFT was planning to demonstrate and offer to sell a spray machine that was functionally identical to Akurate's patented spray machine to a CFT customer in Austin.[1] ECF No. 24 at 4. Shortly after learning of the competing product and the planned offer to sell, Akurate contacted CFT notifying them of the potential breach of the NDA and accusing CFT of patent infringement. ECF No. 34 at 4. From a breakdown of those conversations, this lawsuit arose.

CFT argues that Akurate lacks proper venue in this District and cannot avoid 28 U.S.C. § 1400(b)'s patent infringement claim requirements by citing pendent venue under 28 U.S.C. § 1391. ECF No. 28 at 9. Further, CFT seeks to dismiss Akurate's non-patent claims for lack of proper venue in this District citing that believed discussions with Akurate's customer in Austin, Texas do not rise to the level of "substantial" as required by the statute. *Id*. at 10. Akurate argues that venue is proper and judicial economy warrants keeping all patent and non-patent claims in this Court. *Id.* at 8.

## II.   LEGAL STANDARD

28 U.S.C. § 1400(b) "constitute[s] the exclusive provision controlling venue in patent infringement proceedings." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017) (internal quotation marks omitted). Under § 1400(b), a claim for patent infringement must be brought (1) "in the judicial district where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also Optic153 LLC v. Thorlabs Inc*., Civil Action No. 6:19-CV-00667-

---

[1] Akurate doesn't provide any evidence showing that this demonstration actually occurred. Its amended complaint states only that it occurred based on "information and belief."  ECF No. 24 at ¶ 10.

ADA, 2020 WL 3403076, at *2. It is Plaintiff's burden to establish proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

Likewise, the plaintiff bears "the burden of sustaining venue" under the general venue statute, 28 U.S.C. § 1391. *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 473 (W.D. Tex. 2016); *Real Estate Training Int'l, LLC v. Nick Vertucci Cos.*, Civil Action No. 8:14-CV-00546-AG-DFM, 2014 WL 1383897, at *2 (W.D. Tex. Apr. 8, 2014). Section 1391 requires that "a substantial part of the events or omissions giving rise to the claim occurred" in this District. 28 U.S.C. § 1391(b)(2). "Venue must be proper for each claim that a plaintiff brings against a defendant." *Guajardo v. State Bar of Tex.*, 803 F. App'x 750, 755 (5th Cir. 2020).

### III.   ANALYSIS

After considering the parties briefs and oral arguments, the Court is of the opinion that there is no pendent venue over patent-infringement claims; Section 1400(b) is the exclusive provision controlling venue in patent infringement actions as stated in *TC Heartland*. 137 S. Ct. at 1519. Further, Akurate fails to establish venue under § 1391 by failing to plead that "a substantial part" of the cause of action occurred in this District.

**A.   *TC Heartland*'s guidance is clear that § 1400(b) is the exclusive provision controlling venue in patent infringement proceedings, thus Akurate's patent infringement claim lacks proper venue.**

Under § 1400(b), a claim for patent infringement must be brought (1) "in the judicial district where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). With this guidance, and with the knowledge that CFT resides in Delaware and Arizona, Akurate must show both that CFT "committed acts of infringement" in this District and that CFT "has a regular and established place of business" in this District. Akurate has failed to meet the second of the above requirements.

Although "acts of infringement" is a requirement of the statute, the Court need not reach this point in order to determine the lack of venue under § 1400(b). Namely, Akurate does not allege any facts showing that CFT has a regular and established place of business in this District. A "regular and established place of business" must be: (1) "a physical place in the district"; (2) "regular and established"; and (3) "the place of the defendant." *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Akurate alleges none of these facts and instead admits that CFT 1) maintains its principal place of business in Scottsdale, Arizona, 2) has a place of business in Dallas, Texas (in the Northern District of Texas), and 3) is incorporated in Delaware.

The only connection Akurate alleges that CFT has with this District is CFT's alleged attempted to sell the accused system in the Western District of Texas. ECF No. 24 at ¶ 9. A one-time demonstration of an accused product is not enough to show a regular and established place of business. *In re Cray Inc.*, 871 F.3d at 1362. Further, as this Court concluded in *Optic153*, an allegation that the defendant committed an act of infringement in the District does not establish venue. 2020 WL 3403076, at *3. Akurate has therefore failed to establish proper venue under § 1400(b).

Noting the deficiency in their pleadings to establish venue for a patent infringement claim, Akurate turns to the pendent venue doctrine. ECF No. 34 at 7. The pendent venue doctrine allows a federal court to hear "pendent claims" which arise out of the same nucleus of operative fact as a properly venued federal claim, even if the venue of the pendent claim otherwise would not lie. *Hsin Ten Enterprise USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 462 (S.D.N.Y. 2000). Akurate argues that their non-patent claims are properly venued under 28 U.S.C. § 1391 and arise from the common nucleus of operative facts as its patent infringement claim. But, as discussed above, in accordance with *TC Heartland*, this Court holds that § 1400(b) is the sole and exclusive

provision controlling venue in patent infringement cases; pendent venue does not apply in this case. Thus, Akurate's patent infringement claim is dismissed for lack of proper venue.

### B. Akurate further fails to establish proper venue for its non-patent claims under § 1391 by failing to plead that "a substantial part" of the action occurred in this District.

Akurate argues, under the general venue statute § 1391, they are authorized to bring their DTSA, TUTSA, and breach of contract claims in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). They argue that a substantial part of the events that give rise to the claim occurred in this District when Akurate believes CFT possibly disclosed, used, and offered to sell the competing system in Austin, Texas. ECF No. 24 at ¶ 10 (emphasis added).

"Although the chosen venue does not have to be the place where the most relevant events took place, the selected district's contacts still must be substantial." *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 365 (5th Cir 2008). Akurate alleges that an unidentified CFT customer told Akurate's president that a CFT representative planned to go to Austin to demonstrate the accused system and offer it for sale, which, based on information not provided in Akurate's amended complaint, Akurate believes occurred. ECF No. 24 at ¶ 10 (emphasis added). Even without considering all the other events that were alleged to have transpired between the parties, including CFT 1) breaching an NDA and 2) building a "copycat competing spray machine" (both of which occurred outside of this District), a meeting that is believed to have occurred is paltry. It does not rise to the standard of "substantial part of the events" as the statute demands. Thus, § 1391's requirement is not met and Akurate's non-patent claims are dismissed for lack of proper venue.

## IV.   CONCLUSION

Because Akurate did not adequately plead proper venue for its patent infringement claim under § 1400(b) and improperly relies on pendent venue, Akurates patent infringement claim is **DISMISSED**. Additionally, because Akurate failed to establish proper venue for its non-patent claims under § 1391, those claims are also **DISMISSED**. Accordingly, CFT's Motion to Dismiss (ECF No. 28) is **GRANTED** and this case is **CLOSED**.

SIGNED this __8th__ day of ___March_____.

*[signature]*
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE